<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4078**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LATARISHA MICHELLE CRAWFORD,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00212-NCT-1)

───────────

Submitted:  August 25, 2015        Decided:  August 28, 2015

───────────

Before DUNCAN and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latarisha Michelle Crawford pleaded guilty to possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (2012). The district court sentenced Crawford to 120 months of imprisonment, and she now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence is reasonable. Crawford was informed of her right to file a pro se supplemental brief, but she has not done so. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). In so doing, we first examines the sentence for any procedural error, including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Lymas, 781 F.3d at 111-12 (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence; if the sentence is within the Guidelines range, we apply a presumption of reasonableness. See Rita v. United States, 551

U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is reasonable. The district court properly calculated the advisory Guidelines range, responded to the parties' sentencing arguments, and adequately explained the chosen sentence. In addition, Crawford has failed to overcome the presumption of reasonableness applied to her within-Guidelines sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Crawford, in writing, of the right to petition the Supreme Court of the United States for further review. If Crawford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crawford. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED